Harold E. Koreman, J.
Plaintiff moves for summary judgment in an action to recover the amount of $305.50 unemployment insurance benefits paid to the defendant to which he was allegedly not legally entitled. Defendant also moves for an order dismissing the complaint pursuant to section 626 of the Labor Law and CPLB 3211.
It appears that the Industrial Commissioner made a determination that the sum above set forth was received by the defendant by willful misrepresentation while he was ineligible, in that he was not totally unemployed, and, in the alternative, that he was not available for work while engaged in certain other work. Defendant contends that he was not afforded his administrative remedies of appeal from the determination and, therefore, such determination is not final on the issue of eligibility for benefits. In support of his contention defendant states that after receipt of the Commissioner’s notice of determination he applied for a hearing as provided in subdivision 1 of section 620 of the Labor Law, but was not advised of the date of such hearing; that he learned from other unidentified sources that hearings had been scheduled in his area and upon inquiring at the local unemployment insurance office he was advised as to the date of the hearing; that he appeared for a hearing on that date, which date is not stated, found no one in attendance to conduct the hearing, and was thereafter advised that a hearing had been held at which he did not appear. It.is noted *803 from Exhibit “ C ”, attached to plaintiff’s moving papers, that the notice of the Commisisoner’s determination was mailed to defendant on August 20,1965, and, further, that defendant does not set forth the date on which he requested a hearing. Section 626 of the Labor Law provides that the procedure outlined in the statute shall be the sole and exclusive procedure in these cases. Defendant was required to appeal from the original determination by applying for a hearing before a Referee within 30 days after notice of such determination (Labor Law, § 620, subd. 1) and, provided he appeared at the hearing, could have appealed to the Appeal Board within 20 days after notice of the Referee’s decision. (Labor Law, § 621, subd. 1.) A decision of a Referee, if not appealed from, shall be final on all questions, of fact and law. (Labor Law, § 623; Matter of Ferraioli [Lubin], 7 A D 2d 819.) At best, the contentions raised by defendant present fa'ctulal issues under the exclusive jurisdiction of the administrative trier of the facts. (Matter of Davids, 30 A D 2d 1029; Matter of Levy, 30 A D 2d 1010.)
Defendant’s motion for dismissal is denied, and plaintiff’s motion for summary judgment is granted.